UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONNA WASHINGTON,                  Case No. 1:15-cv-354
    Plaintiff,                                Beckwith, J.
                                       Litkovitz, M.J.
    vs.

EVERBANK, et al.,                    **ORDER AND REPORT**
    Defendants.                        **AND RECOMMENDATION**

This matter is before the Court following a hearing held on the record on October 17, 2016 concerning defendants' motion for protective order (Doc. 25) and plaintiff's motion for sanctions (Doc. 28). The Court has also reviewed plaintiff's response in opposition to the motion for protective order (Doc. 27) and defendants' reply memorandum (Doc. 29), as well as defendants' response in opposition to the motion for sanctions (Doc. 30) and plaintiff's reply memorandum (Doc. 31).

At the hearing, the parties represented that the deposition of defendants' corporate representative occurred on September 21, 2016. Thus, the motion for protective order (Doc. 25) is **DENIED AS MOOT**.

Further, it is **RECOMMENDED** that the motion for sanctions (Doc. 28) be **DENIED** for the reasons stated on the record at the October 17, 2016 hearing. More specifically, it is apparent to the Court that this discovery dispute resulted from a miscommunication that could have and should have been resolved through a telephone call between the parties. It is the Court's expectation that parties cooperate with and engage each other with respect, civility, and common courtesy in all litigation before this Court to achieve a just, speedy, and inexpensive resolution of this matter. *See* Fed. R. Civ. P. 1. Had the parties worked together in this spirit of cooperation, this dispute could have been resolved without the Court's intervention. Further, to the extent the

Court's intervention might have still been necessary, the Court directs counsel to the undersigned's standing order on civil procedures, which encourages counsel to resolve discovery disputes by use of an informal telephonic discovery conference. The matters raised in the motions before the Court could have been quickly resolved in such a conference without requiring the parties to go through the time and expense of formal motions practice.

Date: 10/17/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONNA WASHINGTON,
Plaintiff,

vs.

EVERBANK, et al.,
Defendants.

Case No: 1:15-cv-354
Beckwith, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).