IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JONNA WASHINGTON, | : | Case No. 1:15-cv-354 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ORDER DENYING DEFENDANTS'** |
| | : | **MOTION FOR RECONSIDERATION** |
| GREEN TREE SERVICING LLC, *et al.*, | : | |
| Defendants. | : | |

This matter is before the Court on Defendants' Motion for Reconsideration of this Court's Order Adopting the Magistrate Judge's Report and Recommendation. (Doc. 79). The Defendants allege, among other things, that this Court's Order Adopting the Magistrate Judge's Report and Recommendation conflicts with this Court's prior decision in an unrelated case, *Cooper v. Fay Servicing LLC*, 115 F.Supp. 3d 900 (S.D. Ohio 2015). The Court disagrees and DENIES the Defendants' Motion for Reconsideration.

As the Magistrate Judge's Report and Recommendation contains a full recitation of the facts, there is no need to restate the entire history of this matter here. Instead, the Court will simply review the differences between the two cases, and, the reason why a different result is appropriate here.

In *Cooper*, a husband and wife signed a mortgage granting a security interest in their home, but only the husband signed the Forbearance Agreement, the loan modification application, and the promissory note. *Cooper*, 115 F.Supp. at 902 and 908. When the defendants in that case realized Mrs. Cooper had not been party to the relevant loan documents or promissory note, they moved to dismiss the action as to Mrs. Cooper's claims. *Id.* at 908-909.

1

Mrs. Cooper did not oppose the defendants' lack of standing argument, and the Court granted the defendants' motion to dismiss as to Mrs. Cooper's claims but allowed Mr. Cooper's claims to proceed. *Id.* at 909, fn. 15. Both Mr. and Mrs. Cooper remained alive and well throughout the foreclosure and related legal proceedings, and no issues involving successors in interest arose.

In sharp contrast, the original borrower in this case, Plaintiff's mother, died on September 8, 2007. (Doc. 52-3 at PageID 521.) After her mother's death, Plaintiff Jonna Washington became the sole owner of the property, paid the mortgage on the property for years, personally completed a loss mitigation application, and made all three temporary payment plan payments Defendants demanded. (Doc. 52-4 at PageID 523). She signed and returned the modification offer Defendant Green Tree provided to her on October 16, 2014. *Id.* at PageID 524-525. She corresponded with Defendant Green Tree extensively, and it is clear Defendants have treated Plaintiff Jonna Washington as a borrower standing in the shoes of her deceased mother for a number of years. (*See* Attachments to Doc. 52 at PageID 700-722). Thus, the case at bar is very clearly distinguishable from the Court's decision in *Cooper,* and Defendants' repeated claims to the contrary are pointless.

In addition, the other contentions contained in Defendants' Motion for Reconsideration are denied for the reasons explained in the Magistrate Judge's Report and Recommendation (doc. 73) that this Court previously adopted. (Doc. 78).

For the foregoing reasons, Defendant's Motion for Reconsideration (doc. 79) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

Dated: 3/9/18

*Susan J. Dlott*
Judge Susan J. Dlott
United States District Court

2