**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Jonna Washington, | Case No. 1:15-cv-354 |
| Plaintiff, | Judge Dlott |
| v. | **Final Pretrial Order** |
| Green Tree Servicing LLC, *et al*, | |
| Defendants. | |

This action came before the Court at a final pretrial conference held on August 20, 2018, at 10:00 a.m., pursuant to Rule 16, Federal Rules of Civil Procedure.

I.  APPEARANCES:

　　For Plaintiff:
　　　　**Timothy J. Cook, Esq.**
　　　　**Andrew J. Gerling, Esq.**

　　For Defendants:
　　　　**David J. Demers, Esq.**
　　　　**Michelle L. Polly-Murphy, Esq.**

II.  NATURE OF ACTION AND JURISDICTION:

　　A.　This is an action for actual damages under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 1601 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Additionally, this is an action under Ohio common law for fraud.

　　B.　The jurisdiction of the Court is invoked under Title 28, United States Code, Sections 1331 and 1367.

　　C.　The jurisdiction of the Court is not disputed.

1

III.    TRIAL INFORMATION:

    A.    The estimated length of trial is **3** days.

    B.    As of the date of submission, no trial date has been set.

IV.    AGREED STATEMENTS AND LISTS:

    A.    <u>General Nature of the Claims of the Parties</u>

        1.    Plaintiff Claims:

**Plaintiff, Jonna Washington brings this action against defendants Green Tree Servicing, LLC, now known as Ditech Financial LLC ("Ditech") and EverBank under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §1601** *et seq;* **the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692** *et seq;* **Ohio common law fraud.**

**Ms. Washington's claims largely revolve around "The Mortgage Servicing Rules under the Real Estate Settlement Procedures Act ("Regulation X") and the duties and obligations of Ditech to properly handle Ms. Washington's application for loss mitigation. The loss mitigation process includes consideration of borrowers for a loan modification. This Court has already determined that Ms. Washington is a "Borrower" for the purposes of RESPA.**

**This Court has already determined that Ditech violated federal law in several ways. The Court has determined as a matter of law that Ditech violated both RESPA and the FDCPA in its mishandling of Ms. Washington's loan modification / loss mitigation application. In particular, Ms. Washington executed and returned the modification offered by Ditech only to have Ditech reject the modification it offered and proceed with selling Ms. Washington's home at foreclosure. The only issues that remain for the jury to determine are the amount of damages Ms. Washington is entitled to under RESPA and the FDCPA, and whether or not Ditech committed fraud and the amount of damages to award Ms. Washington upon a finding of fraud.**

**Damages:**

**RESPA: Ms. Washington seeks actual damages, including emotional distress damages for Ditech's violations of the RESPA. Ms. Washington also seeks $2,000 in statutory damages for Ditech's pattern and practice of non-compliance with the RESPA. Ms. Washington is entitled to collect her attorney's fees following trial for Ditech's violations of the RESPA.**

2

**FDCPA: Ms. Washington seeks actual damages, including emotional distress damages for Ditech's violations of the FDCPA. Ms. Washington also seeks $1,000 in statutory damages for Ditech's violations of the FDCPA. Ms. Washington is entitled to collect her attorney's fees following trial for Ditech's violations of the FDCPA.**

**Fraud: Ms. Washington seeks her actual damages as it relates to her Fraud claim including compensation for emotional distress. Additionally, Ms. Washington seeks punitive damages upon a finding by the jury that Ditech committed the fraud with malice. Lastly, Ms. Washington seeks her attorney's fees related to her fraud claim.**

    2.   Defendant Claims:

**Ms. Washington was not the original borrower on a loan on the property financed by her mother and located at 1045 Church Ave. Cincinnati, Ohio 45246. After the death of her mother the Ms. Washington became the sole titled owner of the Church Ave. property. In 2014, Ms. Washington applied for and was approved for a loan modification and loan assumption with Ditech. Ms. Washington made the required TPP payments but failed to complete the loan assumption closing so the modification was cancelled. Ms. Washington resubmitted a loan modification application and was once again approved for a modification and loan assumption. On April 19, 2016 the loan assumption closing took place and the modification was complete. Ms. Washington's failure to cooperate and communicate with Ditech exacerbated any damages claimed by her and resulted in Ms. Washington's failure to mitigate her damages, if any.**

    B.   <u>Uncontroverted Facts</u>

**The following facts and background are established by admissions in the pleadings, by stipulations of counsel, or by the Court's June 15, 2017 Order, Doc No. 78, adopting the Court's May 5, 2017 Report and Recommendation, Doc. No. 73:**

1. In August 1998, Plaintiff Jonna Washington ("Ms. Washington") was granted a joint tenancy with the right of survivorship to a home located at 1045 Church Ave in Cincinnati, Ohio.
2. In June 2002, Ms. Washington executed a Mortgage with her late mother, Janet Washington, to Safeway Mortgage.
3. Ms. Washington's mother, Janet Washington died in September 2007, leaving Ms. Washington, the only remaining person with an ownership interest in the Church Ave. residence.
4. In May 2013, defendant EverBank filed a foreclosure Complaint naming Ms. Washington as a defendant and seeking an in rem judgment against her.
5. EverBank acquired the Note and Mortgage for the Church residence in 2008.
6. On May 1, 2014, servicing of the loan transferred from EverBank Home Mortgage to Green Tree Servicing, LLC, now known as Ditech Financial, LLC ("Ditech").
7. On May 6, 2014, Ms. Washington sent in a loan modification application to Ditech.

3

8. On May 22, 2014, Ditech moved for an order of sale on Ms. Washington's Church Ave. residence.
9. On May 22, 2014, Ditech sent a letter addressed to Ms. Washington's mother indicating the application was incomplete.
10. On May 30, 2014, Ditech sent a letter addressed to Ms. Washington's mother that the loan modification application was complete.
11. On July 3, 2014, Ditech approved Ms. Washington for a loan modification and instructed her to make three temporary plan payments ("TPP payments") from August to October 2014.
12. Ms. Washington made all three TPP payments.
13. From late October to early December 2014, Ditech attempted to contact Ms. Washington multiple times to schedule the loan assumption closing.
14. On October 15, 2014, Ditech sent a letter addressed to Ms. Washington indicating she was eligible for a loan modification and directing her to sign and return an enclosed loan modification agreement by November 14, 2014.
15. Ms. Washington sent and Ditech received the signed Modification on November 12, 2014.
16. On December 3, 2014, Ditech contacted Ms. Washington and scheduled an assumption closing for December 16, 2014 at 4:30 pm.
17. On December 4, 2014, Ditech sent a letter addressed to Ms. Washington directing her to sign and return a new copy of the loan modification by January 3, 2015.
18. On December 15, 2014, Ms. Washington's brother, Broderick Washington, died.
19. On December 16, 2014 at approximately 8:30 am, Ms. Washington called Ditech informing Ditech of the death in the family and asked for the assumption closing to be rescheduled.
20. The individual Ms. Washington spoke to on December 16, 2014 informed her that she would need to speak with Kendra Flood and provided her an extension number for Ms. Flood and transferred her to Ms. Flood's extension.
21. On December 17, 2014, Ditech sent Ms. Washington a letter advising her that her loan modification was denied.
22. On December 23, 2014, Ms. Washington called Ditech to reschedule the loan assumption closing and spoke with Ms. Flood
23. Ms. Flood informed Ms. Washington she would have to start the process over again with a new loan modification application.
24. In January 2015, Ms. Washington submitted a new loan modification application.
25. On January 23, 2015, Ditech sent Ms. Washington a letter and informed her that the loan modification application was not complete.
26. Ditech stated that the additional documents needed were never submitted and denied the modification.
27. Ditech, proceeded with foreclosure proceedings, and the Church Ave property was sold at foreclosure sale on March 5, 2015.
28. On May 28, 2015, Ms. Washington filed this suit against Defendants.
29. On September 2, 2015, the foreclosure sale was vacated upon a motion made by Ditech.
30. On April 19, 2016, the parties closed on the loan modification and assumption.

C.  Plaintiff's assertions as to the Legal Conclusions contained in the Court's June 15, 2017 Order, Doc No. 78, adopting the Court's May 5, 2017 Report and Recommendation, Doc. No. 73

**It is Plaintiff's position that the Court has already determined that Ms. Washington is a borrower under the 2007 Note and Mortgage for the purposes of RESPA. Ditech received Ms. Washington's complete loss mitigation application on May 9, 2014. On May 22, 2014, in violation of RESPA, Ditech moved for an order of sale on Ms. Washington's Church Ave. residence after the receipt of a complete loss mitigation application. On May 22, 2014, Ditech also sent a letter that violated federal law because Ditech failed to show reasonable diligence inasmuch as it did not comply with Regulation X's requirement that a servicer "notify the borrower in writing within 5 days … after receiving the loss mitigation application that the servicer… has determined that the … application is either complete or incomplete." 12 C.F.R. §1024.41(b)(1) and (b)(2)(i)(B).**

**Ditech violated RESPA at 12 C.F.R. §1024.41 (c)(1)(ii) because it sent the July 3, 2014 letter more than 30 days after receipt of Ms. Washington's complete loan modification application.**

**The December 17, 2014 letter violated 12 C.F.R. §1024.41(e)(1) when it denied Ms. Washington's loan modification for failing to complete Ditech's remaining requirements when Ditech previously told Ms. Washington she had until January 3, 2015 to complete the assumption.**

**The October 15, 2014 and December 4, 2014 letters from the viewpoint of the least sophisticated consumer were "false, deceptive, or misleading representation[s]" concerning what Ms. Washington needed to do to obtain a loan modification, how long she had to do it, and what Ditech promised to do. These communications violated the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C § 1692e.**

**Ditech violated federal law when it sold Ms. Washington's home at a foreclosure sale in violation of RESPA at 12 C.F.R. §1024.41(g) after Ms. Washington performed on an agreement for loss mitigation. .**

D.  Contested Issues of Fact and Law

The contested issues of fact and law remaining for decision are:

**Issue 1: The amount of damages Plaintiff is entitled to under the Real Estate Settlement Procedures Act ("RESPA").**

**Issue 2: The amount of damages the Plaintiff is entitled to under the Fair Debt Collection Practices Act ("FDCPA").**

**Issue 3:** **Whether Ditech committed fraud and whether Plaintiff is entitled to damages.**

E.    <u>Witnesses</u>

1.    In the absence of reasonable notice to opposing counsel to the contrary, plaintiff will call, or will have available at the trial:

**Jonna Washington:** Occupation: Certified Medical Assistant / Phlebotomist for Mercy Health Partners. Ms. Washington is currently employed The Plaintiff to this action will testify to the facts and material events that took place in this action and the effect it has had on her life and the lives of her family.

**Ronald Jones:** Occupation: Choice Community Organizer for Avondale Comprehensive Development Corporation. Mr. Jones lives in the Church Ave residence with Ms. Washington and has lived with her for nearly two decades. Mr. Jones will testify based on his personal knowledge about the events that took place surrounding Ms. Washington's attempts to save her home from foreclosure. Mr. Jones will also testify to his communications with defendants and its agents.

**Stewart Derrick**: Mr. Derrick is the corporate litigation representative for Ditech Financial, LLC, F.K.A. Green Tree Servicing, LLC. Mr. Derrick will testify as to Ditech's actions and conduct pertaining to the Plaintiff's allegations. Mr. Derrick will also testify, authenticate, and discuss the Defendants' business records as it pertains to this action.

**A representative of Ditech to testify as to Ditech Financial LLC's current financial condition and to authenticate and discuss Ditech's previously produced financial records.**

*Please identify each witness' occupation, title (e.g., Vice President of Human Resources), and/or relevance to this case and provide a brief individualized synopsis of each witness' testimony.*

2.    In the absence of reasonable notice to opposing counsel to the contrary, defendant will call, or will have available at the trial:

**Stewart Derrick**: corporate representative for Ditech. Mr. Derrick will testify regarding the history of Janet Washington's loan serviced by Ditech as well as Ditech's dealings with Jonna Washington.

**Jonna Washington**: as on cross-examination.

**Ronald Jones**: as on cross-examination.

6

    3.    There is reserved to each of the parties the right to call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

Note: Only witnesses listed in the Pretrial Order or identified in accordance with paragraph 4 above will be permitted to testify at the trial, except witnesses called solely for purpose of impeachment or for good cause shown.

F.    <u>Exhibits</u>

Needless Court time is taken up in the marking of exhibits during trial. Accordingly, the exhibit list should be prepared prior to trial and set forth in the pretrial order. Exhibit markers should be attached to all exhibits at the time they are shown to opposing counsel during the preparation of the pretrial order. A supply of marking tags for exhibits may be obtained from the Clerk's Office. They should be attached to the lower right-hand corner whenever possible.

Except for good cause shown, the Court will not permit the introduction of any exhibits unless they have been listed in the pretrial order, with the exception of exhibits to be used solely for the purpose of impeachment.

Exhibit lists should be attached as appendices to the pretrial order as follows:

Appendix A   Joint Exhibits  
Appendix B   Plaintiff's Exhibits  
Appendix C   Defendants' Exhibits

G.    <u>Depositions</u>

    Testimony of the following witnesses will be offered by deposition/videotape:

    **None.**

H.    <u>Completion of Discovery</u>

Except for good cause, all discovery shall be completed before the Final Pretrial Order is signed by the Court. If discovery has not been completed, the proposed pretrial order shall state what discovery is yet to be done by each side, when it is scheduled, when it will be completed, and whether any problems, such as objections or motions, are likely with respect to the uncompleted discovery.

**All discovery has been completed.**

I.    <u>Miscellaneous Orders</u>

**The Defendant, Ditech Financial LLC, stipulates to the authenticity of the documents produced by it pertaining to its current financial condition including all audited or unaudited financial reports.**

V.    <u>MODIFICATION</u>

This Final Pretrial Order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel or on motion of the Court.

VI.    <u>JURY INSTRUCTIONS</u>

Jury instructions, including interrogatories, special verdict forms, and an index of the jury instructions shall be submitted by email to Dlott_Chambers@ohsd.uscourt.gov at least twenty-one (21) days prior to the commencement of trial. In addition, all of the above shall be electronically filed in the Clerk's Office at least twenty-one (21) days prior to the commencement of trial. There is reserved to counsel the right to submit supplemental requests for instructions during trial, or at the conclusion of the evidence, but only on matters that cannot be reasonably anticipated.

Each instruction should be on a separate page identified as "Plaintiff's (Defendant's) Requested Instruction No. _____." All instructions must contain a citation of authority (including the page number for the specific legal proposition for which you are citing the case) upon which counsel relies. A request for special instructions must be filed with the Clerk of Court's Office, prior to presentation to the Court.

Fourteen (14) days before trial, counsel shall file objections to proposed instructions/interrogatories/verdict forms. All objections shall include citation to authority (including the page number for the specific legal proposition for which you are citing the case). Failure to assert any foreseeable objection at this time may constitute waiver of that objection.

VII.    <u>SETTLEMENT EFFORTS</u>

**The parties attempted to settle the matters outlined above at a court ordered Settlement Conference on June 2, 2016 conducted by Magistrate Judge Bowman. These settlement efforts took place before the parties' expended time and effort conducting more extensive discovery and preparation of dispositive motions. Ultimately, the settlement talks at that time were unsuccessful. Following the Court's June 15, 2017 Order, Doc No. 78, adopting the Court's May 5, 2017 Report and Recommendation, Doc. No. 73, the parties reengaged in settlement talks, but were unable to agree to terms.**

**The last meaningful settlement discussions took place at the November 9, 2017 Final Pretrial Conference.**

VIII. <u>WORD FORMAT</u>

This proposed Final Pretrial Order shall be emailed in Word format to [dlott_chambers@ohsd.uscourts.gov](mailto:dlott_chambers@ohsd.uscourts.gov) at least seven (7) days prior to the Final Pretrial Conference. It should not be filed with the Clerk's Office.

IX. <u>ADDITIONAL ACTION TAKEN</u>

**Suggested language:** The foregoing stipulations and statements were amended at the final pretrial conference as follows:

**IT IS SO ORDERED.**

                                            S/Susan J. Dlott_____
                                            Judge Susan J. Dlott United States District Court

| | |
|---|---|
| /s/ Timothy J. Cook (per e-mail authorization) | /s/ David J. Demers |
| Timothy J. Cook (0093538) | David J. Demers (0055423) |
| Andrew J. Gerling (0087605) | Michelle L. Polly-Murphy |
| Counsel for Plaintiff | Counsel for Defendant |

## APPENDIX A.   JOINT EXHIBITS

1. General Warranty Deed – Granting Joint Tenancy to Janet and Jonna Washington.

2. Note and Mortgage – Note and Mortgage originated with Safeway Mortgage.

3. Certificate of Death – Janet Washington.

4. Complaint for Foreclosure – filed 5/20/2013.

5. Loss Mitigation Application – submitted to Ditech on May 9, 2014.

6. Ditech's, F.K.A. Green Tree Servicing LLC's Collection Comment List.

7. May 22, 2014 Praecipe for Order of Sale.

8. May 22, 2014 Letter addressed to Janet Washington.

9. May 30, 2014 Letter addressed to Janet Washington.

10. July 3, 2014 Letter addressed to Janet Washington offering a TPP.

11. October 15, 2014 Letter and Modification offer addressed to Jonna Washington.

12. December 4, 2015 Letter and Modification offer addressed to Jonna Washington

13. Audio Recording – 12/03/14 (224304) Call between Ms. Washington and Fred Lance; Audio Recording – 12/16/14 (142201) Call between Ms. Washington and Maria; Audio Recording – 12/23/14 (154122) Call between Ms. Washington and Kendra Flood; Audio Recording – 12/23/14 (155632) Call between Ms. Washington and Latasha; Audio Recording – 12/03/14 (155752) call between Ronald Jones and Erica; Audio Recording – 12/03/14 (160157) call between Ronald Jones and Kendra Flood.

14. Certificate of Death – Broderick Washington

15. Funeral Expenses Statement

16. December 17, 2014 Letter to Jonna Washington closing the Modification offer.

17. February 4, 2015 Notice of Sale for March 5, 2015.

18. Reply in Opposition to Defendant Jonna Washington's Motion to Vacate Sale.

19. June 26, 2015 Sherriff's Letter to Vacate the Property by July 27, 2015.

**20.** Motion for Order to Vacate Sale, Confirmation Entry of Sale, and Distribution of Proceeds.

**21.** April 19, 2016 Loan Modification and Assumption Closing Package.

**22.** Ditech Financial LLC's audited and unaudited Financials for 2016 and 2017.

APPENDIX B.   IN ADDITION TO THE JOINT EXHIBITS, JONNA WASHINGTON'S PROPOSED EXHIBITS:

1001. Walter Investment Management Corp.'s 2015 Annual Report

1002. Walter Investment Management Corp.'s 2016 Annual Report

APPENDIX C.   IN ADDITION TO THE JOINT EXHIBITS, DITECH AND EVERBANK MAY INTRODUCE THE FOLLOWING PROPOSED EXHIBITS

A.  January 22, 2015 letter from Ditech

B.  January 23, 2015 letter from Ditech

C.  January 28, 2014 letter from Ditech

D.  December 22, 2014 letter from Ditech

E.  March 5, 2015 letter from Ditech

F.  Default letters mailed by EverBank and Ditech

G.  June 30, 2012 letter from Plaintiff to EverBank

H.  Payment history for the loan

I.  December 2010 loan modification signed by the Plaintiff

J.  January 28,2014 letter

K.  Loan modification January 2014

L.  Streamline Modification January 2014

M.  April 15, 2014 letter from Green Tree

N.  Copy of all loan modification submission applications.

O.  Copy of all audio recordings